■ In the Matter of JAKE BURKS, Petitioner, v BRIAN J. WING, as Acting Commissioner of the New York State Department of Social Services, Respondent. [662 NYS2d 99] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Social Services, dated January 10, 1996, which, after a hearing, denied the petitioner's request to have his name expunged from the State Central Register of Child Abuse and Maltreatment.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the matter is remitted to the respondent for further proceedings consistent herewith.

The petitioner's name was listed in the State Central Register of Child Abuse and Maltreatment based on an incident which occurred in 1985 while he was in college and working at Children's Village in Dobbs Ferry, New York. In May 1995 his request to have his name removed from the register was denied, and an administrative appeal following a hearing was unsuccessful. The petitioner commenced this proceeding to expunge his name from the register.

The respondent has the burden of establishing by a preponderance of the evidence that the 1985 report of maltreatment, which was the basis for listing the petitioner's name in the register, had been substantiated (*Matter of Lee TT. v Dowling,* 87 NY2d 699, 713). Our review of the respondent's determination

on that issue is limited to whether the determination that the report had been substantiated was supported by substantial evidence in the record on the petitioner's application for expungement (*Matter of Stone v Sobol,* 171 AD2d 235). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180; *see, Matter of Berenhaus v Ward,* 70 NY2d 436). While hearsay, if sufficiently relevant and probative, may constitute substantial evidence sufficient to support the underlying determination (*see, People ex rel. Vega v Smith,* 66 NY2d 130), the proof as a whole must be "of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably—probatively and logically" (*300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra,* at 181). Here, the evidence presented by the respondent failed to meet this standard. Accordingly, we find the respondent's determination that the report of maltreatment had been established by a preponderance of the evidence, was not supported by substantial evidence, and grant the petition (*cf., Matter of Lahey v Kelly,* 71 NY2d 135; *Matter of Kenneth VV. v Wing,* 235 AD2d 1007). Bracken, J. P., Copertino, Altman and Florio, JJ., concur.