■ In the Matter of LOUANN FERNALD, Petitioner, v JOHN A. JOHNSON, Respondent. [759 NYS2d 529] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Office of Children and Family Services, dated July 25, 2001, which, after a hearing, denied the petitioner's request to expunge certain reports maintained in the New York State Central Register of Child Abuse and Maltreatment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

To annul an administrative determination made after a hearing, the court must be satisfied, after reviewing the record as a whole, that it lacks substantial evidence to support the determination (*see Matter of Vallebuona v Kerik,* 294 AD2d 44 [2002]; *see also Matter of Siano v Dolce,* 256 AD2d 582 [1998]). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]). Thus, it is

more than mere surmise, conjecture, or speculation, but less than a preponderance of the evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra,* at 180-181). In this case, there is substantial evidence to support the determination of the respondent Commissioner of the New York State Office of Children and Family Services that, at the hearing, it was proven by a preponderance of the evidence that the petitioner committed the acts of maltreatment alleged in certain reports maintained in the Central Register of Child Abuse and Maltreatment, thereby precluding the expungement of those records.

The petitioner's remaining contentions are without merit. Feuerstein, J.P., McGinity, H. Miller and Adams, JJ., concur.