■ In the Matter of LYNNANN P. et al., Petitioners, v SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respon-

dents. [813 NYS2d 179]—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Office of Children and Family Services dated April 30, 2003, which, after a hearing, denied the petitioners' request to have their names expunged from the State Central Register of Child Abuse and Maltreatment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs.

The petitioners' names were listed in the State Central Register of Child Abuse and Maltreatment (hereinafter the Central Register) based on an incident that occurred in 1999 at their home. Their request to expunge their names from the register was denied, and an administrative appeal following a hearing was unsuccessful. The petitioners commenced this proceeding, inter alia, to expunge their names from the register.

The agency had the burden of establishing by a preponderance of the evidence that the 1999 report of maltreatment, which was the basis for listing the petitioners' names in the Central Register, had been substantiated (*see Matter of Lee TT. v Dowling*, 87 NY2d 699, 713 [1996]; *Matter of Burks v Wing*, 242 AD2d 624 [1997]). Our review of the determination on that issue is limited to whether the determination was supported by substantial evidence in the record on the petitioners' application for expungement (*see Matter of Sheomber v New York State Off. of Children & Family Servs.*, 22 AD3d 761, 762 [2005]; *Matter of Tutuianu v New York State*, 17 AD3d 687 [2005]; *Matter of Fernald v Johnson*, 305 AD2d 503 [2003]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see also Matter of Tutuianu v New York State, supra* at 687; *Fernald v Johnson, supra* at 503).

Because the evidence presented by the agency meets the substantial evidence standard, we confirm the determination (*see Matter of Bullock v State of N.Y. Dept. of Social Servs.*, 248 AD2d 380, 382 [1998]; *Matter of Ribya BB. v Wing*, 243 AD2d 1013, 1014 [1997]). Miller, J.P., Spolzino, Lifson and Dillon, JJ., concur.