■ In the Matter of MOLLY BLYTHE, Petitioner, v GLADYS CARRION et al., Respondents. [880 NYS2d 555]—

Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Office of Children and Family Services dated December 20, 2007, which, after a hearing, denied the petitioner's application to amend and seal a report maintained in the New York State Central Register of Child Abuse and Maltreatment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

At an administrative expungement hearing, a report of child abuse or maltreatment must be established by a fair preponderance of the evidence (*see Matter of Lee TT. v Dowling,* 87 NY2d 699, 703 [1996]; *Matter of Valentine v New York State Cent. Register of Child Abusers & Maltreatment,* 37 AD3d 249 [2007];

*Matter of Lynnann P. v Suffolk County Dept. of Social Servs.*, 28 AD3d 484, 485 [2006]; *Matter of Jeannette LL. v Johnson*, 2 AD3d 1261, 1262 [2003]). Judicial review of a determination that a report of child abuse or maltreatment has been substantiated is limited to whether the determination is supported by substantial evidence in the record (*see Matter of Valentine v New York State Cent. Register of Child Abusers & Maltreatment*, 37 AD3d at 249-250; *Matter of Lynnann P. v Suffolk County Dept. of Social Servs.*, 28 AD3d at 485; *Matter of Jeannette LL. v Johnson*, 2 AD3d at 1263). Here, the Administrative Law Judge's finding that a fair preponderance of the evidence established that the petitioner maltreated the subject child by creating a "substantial risk of physical injury . . . to such child by other than accidental means" (Social Services Law § 412 [9] [b]) is supported by substantial evidence. Accordingly, the determination must be confirmed, the petition denied, and the proceeding dismissed on the merits.

The petitioner's remaining contentions are not properly before this Court or are without merit. Mastro, J.P., Fisher, Eng and Hall, JJ., concur.