■ In the Matter of Sabrina Barnes, Petitioner, v New York State Office of Children and Family Services et al., Respondents. [889 NYS2d 76]—Proceeding pursuant to CPLR article 78 to review a determination of David Molik, designee of the Commissioner of the New York State Office of Children and Family Services, dated September 13, 2007, which, after a hearing, denied the petitioner's application to amend a report maintained by the respondent New York State Central Register of Child Abuse and Maltreatment as unfounded and to seal the report.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed, with one bill of costs to the respondents appearing separately and filing separate briefs.

At an administrative hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established by a fair preponderance of the evidence (*see Matter of Lee TT. v Dowling,* 87 NY2d 699 [1996]; *Matter of Blythe v Carrion,* 63 AD3d 1059 [2009]). Judicial review of a determination that such a report has been substantiated is limited to whether the determination is supported by substantial evidence in the record (*see Matter of Blythe v Carrion,* 63 AD3d at 1060; *Matter of Valentine v New York State Cent. Register of Child Abusers & Maltreatment,* 37 AD3d 249, 250 [2007]). "Substantial evidence has been defined as 'such

relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Matter of Joseph v Johnson*, 27 AD3d 563, 563 [2006], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). "It has also been held that substantial evidence is . . . more than mere speculation or conjecture, but less than a preponderance of the evidence" (*Matter of Joseph v Johnson*, 27 AD3d at 563, citing *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180). In this case, there is substantial evidence in the record to support the determination of David Molik, designee of the Commissioner of the New York State Office of Children and Family Services (hereinafter the OCFS), that the subject children's physical, mental, or emotional condition has been impaired, or is in imminent danger of becoming impaired, as a result of the petitioner's failure to exercise a minimum degree of care in providing proper supervision or guardianship (*see Matter of Joseph v Johnson*, 27 AD3d 563 [2006]; *Matter of Fernald v Johnson*, 305 AD2d 503 [2003]; *see also Matter of Karyn D.*, 282 AD2d 746, 746-747 [2001]; *Matter of Jesse DD.*, 223 AD2d 929, 931-932 [1996]; *Matter of Moises D.*, 128 AD2d 775, 778 [1987]; Social Services Law § 412 [2] [a] [i]; Family Ct Act § 1012 [f] [i] [B]). Accordingly, we dismiss the proceeding on the merits insofar as asserted against the OCFS and the New York State Central Register of Child Abuse and Maltreatment.

Additionally, the proceeding must be dismissed insofar as asserted against the respondent Westchester County Department of Social Services, as it is not a proper party to this proceeding (*see Matter of Wittie v State of N.Y. Off. of Children & Family Servs.*, 55 AD3d 842, 843 [2008]). Prudenti, P.J., Miller, Chambers and Roman, JJ., concur.