■ In the Matter of RICHARD R., Petitioner, v GLADYS CARRION et al., Respondents. [888 NYS2d 421]—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Office of Children and Family Services dated August 28, 2007, which, after a hearing, denied the petitioner's application, inter alia, to amend and seal a report maintained by the New York State Central Register of Child Abuse and Maltreatment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Our review of the determination of the Commissioner of the New York State Office of Children and Family Services that the petitioner maltreated the subject child is limited to whether the

determination was supported by substantial evidence (*see Matter of Steward v Mulligan*, 47 AD3d 822 [2008]; *Matter of Lynnann P. v Suffolk County Dept. of Social Servs.*, 28 AD3d 484, 485 [2006]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see Matter of Joseph v Johnson*, 27 AD3d 563 [2006]).

Contrary to the petitioner's contention, the determination that he maltreated the subject child by failing to provide proper supervision or guardianship was supported by substantial evidence (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Blythe v Carrion*, 63 AD3d 1059, 1059-1060 [2009]; *Matter of Joseph O.*, 28 AD3d 562, 563 [2006]; *Matter of Sheomber v New York State Off. of Children & Family Servs.*, 22 AD3d 761, 762 [2005]; *Matter of Solivan v Johnson*, 9 AD3d 467 [2004]).

As the determination that the petitioner's maltreatment of the child was relevant and reasonably related to the petitioner's employment in child care was likewise supported by substantial evidence (*see* Social Services Law § 422 [8] [c] [ii]; *Matter of Solivan v Johnson*, 9 AD3d 467 [2004]), the determination must be confirmed, the petition denied, and the proceeding dismissed on the merits. Rivera, J.P., Dickerson, Hall and Lott, JJ., concur.