■ In the Matter of KAREN FEBLES, Petitioner, v DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES CHILD PROTECTIVE SERVICES et al., Respondents. [891 NYS2d 441]—

At an administrative expungement hearing, a report of child abuse or maltreatment must be established by a fair preponderance of the evidence (*see Matter of Lee TT. v Dowling*, 87 NY2d 699, 703 [1996]; *Matter of Blythe v Carrion*, 63 AD3d 1059 [2009]; *Matter of Valentine v New York State Cent. Register of Child Abusers & Maltreatment*, 37 AD3d 249 [2007]). To establish that maltreatment occurred, the agency must show that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the parent's failure to exercise a minimum degree of care (*see* 18 NYCRR 432.1 [b] [1]; *Matter of Tonette E. v New York State Off. of Children & Family Servs.*, 25 AD3d 994 [2006]; *Matter of Matthew WW. v Johnson*, 20 AD3d 669, 671 [2005]).

The record contains a fair preponderance of the evidence that the petitioner's failure to provide her seven-year-old son with proper supervision placed the physical condition of her son in imminent danger of becoming impaired (*see* 18 NYCRR 432.1 [b] [1] [ii]). This evidence consists of the investigation progress notes and investigation summary submitted by the respondent Dutchess County Department of Social Services Child Protective Services (hereinafter CPS) which indicated that the child, a

Dutchess County sheriff, and a witness all reported that the child was left alone in a running vehicle for approximately 20 minutes while the petitioner went into a store. Although the petitioner denied that the vehicle was running and testified that she checked on her son twice during the 10 to 15 minutes her son was alone in the vehicle, the petitioner's testimony created a credibility issue which, when considered in the context of the entire record, was properly resolved against her (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]; *Matter of Jeremias v Sander*, 177 AD2d 488, 489 [1991]; *see also Matter of Jeannette LL. v Johnson*, 2 AD3d 1261, 1263 [2003]; *Matter of D'Ambrosio v Suffolk County Dept. of Social Servs.*, 286 AD2d 387 [2001]). Moreover, while the proof submitted by CPS constituted hearsay, it was sufficient to serve as the basis for the determination that the petitioner committed an act of maltreatment (*see Matter of Gonzalez v Suffolk County Dept. of Social Servs. Child Protective Servs.*, 54 AD3d 341 [2008]; *Matter of Frederick G. v New York State Cent. Register of Child Abuse & Maltreatment*, 53 AD3d 1075 [2008]; *Matter of Scaccia v Martinez*, 9 AD3d 882, 883-884 [2004]).

The petitioner's remaining contention is without merit. Covello, J.P., Santucci, Chambers and Hall, JJ., concur.