In the Matter of CARMELLA NATIELLO, Appellant, v GLADYS CARRION, Respondent. [905 NYS2d 605]—

In a proceeding pursuant to CPLR article 78 to review a determination of the State of New York Office of Children and Family Services dated December 30, 2008, which, after a hearing, denied the petitioner's application to amend and seal a

report maintained in the New York State Central Register of Child Abuse and Maltreatment, the petitioner appeals from a judgment of the Supreme Court, Putnam County (O'Rourke, J.), dated July 13, 2009, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the appeal is dismissed and the judgment is vacated; and it is further,

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the matter is remitted to the respondent to amend the incident report to an unfounded report and to seal the amended report.

Since questions of substantial evidence are involved herein, this proceeding should have been transferred to this Court pursuant to CPLR 7804 (g). However, this Court will treat the matter as one initially transferred here and will consider the petition de novo (see Matter of Patterson v State of N.Y. Off. of Children & Family Servs., 34 AD3d 684 [2006]; Matter of Weingarten v Crime Victims Bd., 22 AD3d 763 [2005]).

The determination that the petitioner failed to provide adequate supervision and guardianship for her then-13-year-old autistic son, Kevin, was not supported by substantial evidence (see Matter of Richard R. v Carrion, 67 AD3d 915 [2009]). Here, the evidence merely established that Kevin sustained minor bruises and scratches when the petitioner left him in the care of his grandmother, who then allowed him to roughhouse with his younger half brother. We find that, under the peculiar circumstances of this case, where Kevin had a history of minor self-inflicted injuries regardless of the level of adult supervision, the proof adduced by the respondent did not constitute substantial evidence of neglect (see Social Services Law § 371 [4-a] [i] [B]; Matter of Veronica C. v Carrión, 55 AD3d 411, 412 [2008]).

The determination that the petitioner educationally neglected her then-16-year-old son, David, also was not supported by substantial evidence. The evidence established that David had excessive school absences while he was living with his father. Although David's school and the respondent attribute David's excessive absenteeism to the petitioner, the respondent failed to demonstrate how many of the absences actually were attributable to the petitioner, given that David resided with his father, or how many of those absences were unexcused. While the respondent demonstrated that the petitioner withdrew David from school on May 11, 2006, David did not return for the remainder of the school year, and the petitioner failed to demonstrate that David received the necessary instruction from another resource (see Matter of Fatima A., 276 AD2d 791 [2000]; Matter of Aishia

*O.*, 284 AD2d 581 [2001]), this evidence did not, by itself, establish the harm or potential harm necessary for a finding of educational neglect (*see Matter of Alexander D.*, 45 AD3d 264 [2007]; *see also Matter of Giancarlo P.*, 306 AD2d 28 [2003]). The record demonstrates that David had emotional problems which caused him to refuse to attend school. At the time that the petitioner withdrew him from school he was already failing almost all of his courses. Nonetheless, the record indicates that David completed a four-month GED program during the summer of 2006, and started to attend college at the end of the school year. Accordingly, there was no evidence that David's education was adversely affected by his absence from school at the end of the 2005-2006 school year (*see Matter of Alexander D.*, 45 AD3d at 264). Fisher, J.P., Dillon, Dickerson and Belen, JJ., concur.