■ In the Matter of CHIVONNE WASHINGTON, Petitioner, v STATE OF NEW YORK OFFICE OF CHILDREN AND FAMILY SERVICES, Respondent. [910 NYS2d 916]—

Proceeding pursuant to CPLR article 78 to review a determination of the State of New York Office of Children and Family Services, dated October 31, 2008, which, after a hearing, denied the petitioner's application to amend and seal a report maintained in the New York State Central Register of Child Abuse and Maltreatment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

At an administrative expungement hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established "by a fair preponderance of the evidence" (see *Matter of Lee TT. v Dowling*, 87 NY2d 699, 703 [1996]; *Matter of Febles v Dutchess County Dept. of Social Servs. Child Protective Servs.*, 68 AD3d 993, 993 [2009]; *Matter of Barnes v New York State Off. of Children & Family Servs.*, 67 AD3d 787, 787 [2009]). Our review of the determination of the State of New York Office of Children and Family Services that the petitioner maltreated the subject child is limited to whether the determination was supported by substantial evidence (see *Matter of Richard R. v Carrion*, 67 AD3d 915 [2009]). Contrary to the petitioner's contention, the determination that she maltreated the subject child by failing to exercise a minimum degree of care in meeting his medical needs is supported by substantial evidence in the record (see Social Services Law § 412 [2]; Family Ct Act § 1012 [f]; *Matter of LeVonn G.*, 20 AD3d 530 [2005]; *Matter of Barnes v New York State Off. of Children & Family Servs.*, 67 AD3d at 787; cf. *Matter of Carl F. v New York State Off. of Children & Family Servs.*, 17 AD3d 1048 [2005]). Accordingly, the determination must be confirmed, the petition denied, and the proceeding dismissed on the merits. Fisher, J.P., Florio, Leventhal and Hall, JJ., concur.