■ In the Matter of TANYA PARKER, Petitioner, v GLADYS CARRIÓN, as Commissioner of the New York State Office of Children and Family Services, et al., Respondents. [914 NYS2d 150]—

Decision after hearing on behalf of respondent Commissioner, dated March 10, 2009, finding petitioner to have committed maltreatment of a child, unanimously annulled, on the law, without costs, the petition in this CPLR article 78 proceeding (transferred to this Court by order of Supreme Court, New York County [Cynthia Kern, J.], entered Nov. 17, 2009), granted, and the report of maltreatment amended to "unfounded" and sealed.

The New York State Office of Children and Family Services (OCFS) alleges that petitioner maltreated her daughter by the use of excessive corporal punishment. At the fair hearing, OCFS had the burden of establishing these allegations by a fair preponderance of the evidence (see Social Services Law § 424-a [2] [d]; *Matter of Hattie G. v Monroe County Dept. of Social Servs., Children's Servs. Unit*, 48 AD3d 1292, 1293 [2008]), and that such corporal punishment impaired or was in imminent danger of impairing her daughter's physical, mental, or emotional condition (see Social Services Law § 412 [2] [a] [i]; Family Ct Act § 1012 [f] [i]; *Matter of Cheyenne F.*, 238 AD2d

905 [1997]). "This prerequisite to a finding of [maltreatment based upon] neglect ensures that the [agency] . . . will focus on serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior" (*Nicholson v Scoppetta*, 3 NY3d 357, 369 [2004]). Impairment of a physical condition has been defined as " 'a state of substantially diminished physical growth, freedom from disease, and physical functioning in relation to, but not limited to, fine and gross motor development and organic brain development' " (*Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 78 [1995], quoting Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1012, at 321 [1999 ed]).

We conclude on the record before us that the administrative determination that petitioner neglected her daughter by the use of excessive corporal punishment was not supported by substantial evidence. At the administrative hearing the only witness was petitioner, who testified that, on January 2, 2008, in response to her daughter slamming the door of her room, crying, and "throwing things around," when asked to look for crayons and pencils to do her homework, petitioner disciplined her child. Petitioner told her daughter she could not act that way. When the behavior continued, petitioner found a "child's belt," intending to hit her daughter with the belt on her behind. However, the child was accidentally hit in the face with the belt buckle when petitioner grabbed the child as she was running away. Petitioner never intended to hit her daughter on the face with the belt. Petitioner put bacitracin on the scratch and the scratch healed in a day or so.

There was no discernible basis for doubting petitioner's account that her daughter's eye injury was an accident. Indeed, the administrative law judge (ALJ) never explicitly found that petitioner intended to strike her daughter in the face with the belt.

Nor do we agree with the ALJ's determination that, even if petitioner had not intended to hit her daughter with the belt on the face, the accident established neglect because petitioner allegedly struck the child out of anger, resulting in "impairment or threatened impairment of the child." We find that, under the peculiar circumstances of this case, where there was no evidence presented at the hearing that the daughter required medical treatment for her eye injury or that petitioner had ever used excessive corporal punishment, the proof adduced by the respondent did not constitute substantial evidence of neglect (*see* Social Services Law § 412 [2] [a] [i]; Family Ct Act § 1012 [f] [i];

*Matter of Veronica C. v Carrión*, 55 AD3d 411 [2008]; *see also Matter of Natiello v Carrion*, 73 AD3d 1070 [2010]). Concur—Mazzarelli, J.P., Friedman, McGuire, Renwick and Richter, JJ.