■ In the Matter of YESENIA GELL, Petitioner, v GLADYS CARRION, as Commissioner of the New York State Office of Children and Family Services, et al., Respondents. [917 NYS2d 877]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Family and Children Services, dated June 3, 2009, which, after a hearing, denied the petitioner's application to amend and seal a report maintained in the New York State Central Register of Child Abuse and Maltreatment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

At an administrative expungement hearing to determine whether a report of child maltreatment is substantiated, the allegations in the report must be established by a fair preponderance of the evidence (*see Matter of Lee TT. v Dowling*, 87 NY2d 699, 703 [1996]; *Matter of Washington v State of N.Y. Off. of Children & Family Servs.*, 78 AD3d 1066 [2010]; *Matter of Febles v Dutchess County Dept. of Social Servs. Child Protective Servs.*, 68 AD3d 993 [2009]). This Court's review of the determination by the respondents that the petitioner maltreated the subject child is limited to whether that determination is supported by substantial evidence (*see Matter of Barnes v New York State Off. of Children & Family Servs.*, 67 AD3d 787 [2009]; *Matter of Richard R. v Carrion*, 67 AD3d 915 [2009]). We find that the respondents' determination that a preponderance of the evidence supports the finding that the petitioner maltreated the child is supported by substantial evidence in the record (*see* Social Services Law § 412 [3]; Family Ct Act § 1012 [f]; *Matter of Benjamin v Carrion*, 79 AD3d 744 [2010]; *Matter of LeVonn G.*, 20 AD3d 530 [2005]).

Contrary to the petitioner's contention, the Administrative Law Judge did not improvidently exercise her discretion by failing to adjourn the hearing, after it had been half completed, in order for the petitioner to retain counsel. Not only did the petitioner never make such a specific request, but the record reveals that the petitioner was twice advised in writing well before the hearing commenced that she had the right to retain counsel to represent her at the administrative hearing. Accord-

ingly, the petitioner "was provided with an adequate opportunity to obtain legal representation," and was not deprived of due process (*Matter of Baywood Elec. Corp. v New York State Dept. of Labor*, 232 AD2d 553, 554 [1996]; *see Matter of Aponte v New York City Hous. Auth.*, 48 AD3d 229 [2008]).

The petitioner's remaining contention is without merit (*see Matter of Shavon H.*, 1 AD3d 123 [2003]). Mastro, J.P., Dillon, Eng and Sgroi, JJ., concur.