■ In the Matter of ANA SENANDE et al., Petitioners, v GLADYS CARRION et al., Respondents. [920 NYS2d 418]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services dated December 4, 2008, which, after a hearing, denied the petitioners' application to amend and seal an indicated report maintained by the New York State Central Register of Child Abuse and Maltreatment.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the matter is remitted to the respondents to amend the indicated report to an unfounded report and to seal the amended report.

At an administrative hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established by a fair preponderance of the evidence (*see Matter of Lee TT. v Dowling*, 87 NY2d 699 [1996]; *Matter of Washington v State of N.Y. Off. of Children & Family Servs.*, 78 AD3d 1066 [2010]; *Matter of Blythe v Carrion*, 63

AD3d 1059 [2009]). Judicial review of a determination that such a report has been substantiated is limited to whether the determination is supported by substantial evidence in the record (*see Matter of Washington v State of N.Y. Off. of Children & Family Servs.*, 78 AD3d 1066 [2010]; *Matter of Blythe v Carrion*, 63 AD3d at 1060). "Substantial evidence has been defined as 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Matter of Joseph v Johnson*, 27 AD3d 563, 563 [2006], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]).

The determination that the petitioners maltreated their daughter was not supported by substantial evidence (*see Matter of Parker v Carrión*, 80 AD3d 458 [2011]; *Matter of Natiello v Carrion*, 73 AD3d 1070, 1071 [2010]; *Matter of Hattie G. v Monroe County Dept. of Social Servs., Children's Servs. Unit*, 48 AD3d 1292 [2008]). Here, the evidence merely established that the daughter developed a small, dime-sized red mark on her upper thigh as a result of her mother hitting her one or two times with a house slipper after the daughter admittedly was disobedient. Under the particular circumstances of this case, including the absence of any finding of prior abuse or mistreatment, the respondents' determination that there was maltreatment was not supported by substantial evidence (*see* 18 NYCRR 432.1 [b] [1] [ii]). Mastro, J.P., Dillon, Balkin and Miller, JJ., concur.