■ In the Matter of M.C., Petitioner, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES et al., Respondents. [939 NYS2d 702]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services dated March 24, 2010, which, after a hearing, denied the petitioner's application to amend an indicated report maintained in the New York State Central Register of Child Abuse and Maltreatment to an unfounded report and seal the amended report.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the matter is remitted to the respondents to grant the petitioner's application.

At an administrative hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established by a fair preponderance of the evidence (see Matter of Lee TT. v Dowling, 87 NY2d 699 [1996]; Matter of Senande v Carrion, 83 AD3d 851 [2011]; Matter of Blythe v Carrion, 63 AD3d 1059 [2009]). Judicial review of a determination that such a report has been substantiated is limited to whether the determination is supported by substantial evidence in the record (see Matter of Senande v Carrion, 83 AD3d at 852; Matter of Blythe v Carrion, 63 AD3d at 1060).

In this case, the determination that a fair preponderance of the evidence established that the petitioner maltreated his children was not supported by substantial evidence (see Matter of Senande v Carrion, 83 AD3d at 852). The petitioner's conduct did not, under the facts of this case, place the children's physical, mental, or emotional condition in "imminent danger" of becoming impaired (18 NYCRR 432.1 [b] [1] [ii]; see Matter of Senande v Carrion, 83 AD3d at 852; Matter of Anna F., 56 AD3d 1197 [2008]). Accordingly, the petition must be granted, the determination annulled, and the matter remitted to the respondents to grant the petitioner's application to amend the subject indicated report maintained in the New York State Central Register of Child Abuse and Maltreatment to an unfounded report and seal the amended report.

In light of our determination, we need not reach the petitioner's remaining contentions. Dillon, J.P., Angiolillo, Florio and Dickerson, JJ., concur.