Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services dated April 30, 2010, which, after a hearing, denied the petitioner’s application to amend and seal an indicated report maintained by the New York State Central Register of Child Abuse and Maltreatment.
Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the matter is remitted to the respondent to amend the indicated report to an unfounded report and to seal the amended report.
The petitioner was the subject of an indicated report of maltreatment maintained by the New York State Central Register of Child Abuse and Maltreatment based on an alleged instance of excessive corporal punishment, with respect to one child (hereinafter the subject child), and inadequate guardianship under a theory of derivative maltreatment with respect to three other children (hereinafter the other children). The petitioner made an application to have the report amended from “indicated” to “unfounded.” After a hearing, the New York State Office of Children and Family Services denied the petitioner’s application to amend and seal the indicated report.
A maltreated child is defined as a child whose physical, mental, or emotional condition has been impaired as a result of the failure of his or her parent to exercise a minimum degree of care in providing the child with proper supervision or guardianship, by unreasonably inflicting harm, including the infliction of excessive corporal punishment (see Social Services Law § 412 [2] [a] [i]; Family Ct Act § 1012 [f] [i] [B]; 18 NYCRR 432.1 [b] [1]; see also Matter of Esteva v New York State Cent. Register of Child Abuse & Maltreatment, 82 AD3d 978, 979 [2011]). At an administrative expungement hearing to determine whether a report of child maltreatment is substantiated, the allegations in the report must be established by a fair preponderance of the evidence (see Matter of Lee TT. v Dowling, 87 3NY2d 699, 703 [1996]; Matter of Reed v Carrion, 84 AD3d 1094, 1094 [2011]). Judicial review of a determination that such a report has been substantiated is limited to whether the determination is sup *744 ported, by substantial evidence in the record (see Matter of Blythe v Carrion, 63 AD3d 1059, 1060 [2009]; Matter of Joseph v Johnson, 27 AD3d 563, 563 [2006]; see also 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]).
Here, even crediting the testimony of the Child Protective Services caseworker, the petitioner’s actions with respect to the subject child did not, under the circumstances here, constitute maltreatment (see Matter of Senande v Carrion, 83 AD3d 851, 852 [2011]; Matter of Corey Mc. [Tanya Mc.], 67 AD3d 1015, 1016 [2009]; Matter of Chanika B., 60 AD3d 671, 672 [2009]). Accordingly, the determination that the petitioner maltreated the subject child was not supported by substantial evidence (see Matter of Senande v Carrion, 83 AD3d at 852; Matter of Natiello v Carrion, 73 AD3d 1070, 1071 [2010]). Furthermore, since the determination that the father maltreated the other children was derivatively based on the maltreatment determination with respect to the subject child, that determination, too, is not supported by substantial evidence (cf. Matter of Amoreih S. [Nicole S.], 84 AD3d 1246, 1247-1248 [2011]; Matter of Christian O., 51 AD3d 402, 403 [2008]). Accordingly, the petition must be granted, the determination of the New York State Office of Children and Family Services annulled, and the matter remitted to the New York State Office of Children and Family Services to amend the indicated report to an unfounded report and to seal the amended report. Florio, J.P., Chambers, Hall and Miller, JJ., concur.