Proceeding pursuant to CPLR article 78 to review a determination of John Franklin Udochi, as designee of the Commissioner of the New York State Office of Children and Family Services, dated November 29, 2010, which, after a hearing, denied the petitioner’s application to amend and seal an indicated report maintained by the New York State Register of Child Abuse and Maltreatment.
Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the matter is remitted to the respondent to amend the indicated report to an unfounded report and to seal the amended report.
At an administrative hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the record must be established by a fair preponderance of the evidence (see Matter of Lee TT. v Dowling, 87 NY2d 699 [1996]; Matter of Gell v Carrion, 81 AD3d 953 [2011]; Matter of Washington v State of N.Y. Off. of Children & Family Servs., 78 AD3d 1066, 1067 [2010]). Judicial review of a determination that such a report has been substantiated is limited to whether the determination is supported by substantial evidence in the record (see Matter of Gell v Carrion, 81 AD3d 953 [2011]; Matter of Blythe v Carrion, 63 AD3d 1059 [2009]). Substantial evidence has been defined as such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]; Matter of Barnes v New York State Off. of Children & Family Servs., 67 AD3d 787 [2009]; Matter of Joseph v Johnson, 27 AD3d 563 [2006]).
*900 The determination that the petitioner maltreated her stepdaughter and her infant son was not supported by substantial evidence. The record shows that the stepdaughter, while engaged in an angry and protracted argument with her father, began beating the petitioner, who was holding her infant son and was attempting to leave the room, and the petitioner struck back in order to defend herself and her infant son. Under the circumstances of this case, the substantial evidence standard was not satisfied (see Matter of Senande v Carrion, 83 AD3d 851, 852 [2011]; Matter of Corey Mc. [Tanya Mc.], 67 AD3d 1015, 1016 [2009]; Matter of Chanika B., 60 AD3d 671, 672 [2009]). Balkin, J.E, Roman, Sgroi and Cohen, JJ., concur.