Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services dated June 10, 2009, which, after a hearing, denied the petitioner’s application to amend and seal an indicated report maintained by the New York State Register of Child Abuse and Maltreatment.
Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the matter is remitted to the respondents to amend the indicated report to an unfounded report and to seal the amended report.
At an administrative hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations *1004 in the report must be established by a fair preponderance of the evidence (see Matter of Lee TT. v Dowling, 87 NY2d 699 [1996]; Matter of Blythe v Carrion, 63 AD3d 1059 [2009]). Judicial review of a determination that such a report has been substantiated is limited to whether the determination is supported by substantial evidence in the record (see Matter of Reed v Carrion, 84 AD3d 1094, 1095 [2011]). Substantial evidence “ ‘means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact’ ” (Matter of Richard R. v Carrion, 67 AD3d 915, 916 [2009], quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]; see Matter of Barnes v New York State Off. of Children & Family Servs., 67 AD3d 787 [2009]).
The determination that the petitioner maltreated her daughter was not supported by substantial evidence (see Matter of Senande v Carrion, 83 AD3d 851 [2011]; Matter of Parker v Carrion, 80 AD3d 458 [2011]). The petitioner’s conduct did not, under the facts of this case, place the child’s physical, mental, or emotional condition in “imminent danger” of becoming impaired (18 NYCRR 432.1 [b] [1] [ii]; see Matter of Senande v Carrion, 83 AD3d 851 [2011]; Matter of Parker v Carrión, 80 AD3d 458 [2011]). The evidence merely established that the mother hit the daughter on the buttocks with a child’s belt in an attempt to discipline the child, and caused no injury or substantial risk thereof. Under the circumstances of this case, including the absence of any finding, or even an allegation, of prior abuse or maltreatment, the determination that there was maltreatment was not supported by substantial evidence (see 18 NYCRR 432.1 [b] [1] [ii]). Florio, J.E, Leventhal, Austin and Cohen, JJ., concur.