■ In the Matter of DANIELLE GAUTHIER, Petitioner, v LINDA JOYCE, as Director of the New York State Central Register, Division of Child Welfare and Community Services, et al., Respondents. [6 NYS3d 615]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services dated February 7, 2014, which, after a hearing, denied

the petitioner's application to amend and seal an indicated report maintained by the New York State Register of Child Abuse and Maltreatment.

Adjudged that the petition is granted, on the law, without costs or disbursements, the determination is annulled, and the matter is remitted to the New York State Office of Children and Family Services to amend the indicated report to an unfounded report and to seal the amended report.

"A maltreated child is defined as a child whose physical, mental, or emotional condition has been impaired as a result of the failure of his or her parent to exercise a minimum degree of care in providing the child with proper supervision or guardianship, by unreasonably inflicting harm, including the infliction of excessive corporal punishment" (*Matter of Brian M. v New York State Off. of Children & Family Servs.*, 98 AD3d 743, 743 [2012]; *see* Social Services Law § 412 [2] [a]; Family Ct Act § 1012 [f] [i] [B]). "At an administrative hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established by a fair preponderance of the evidence" (*Matter of Marie A.P. v Nassau County Dept. of Social Servs.*, 100 AD3d 1003, 1003-1004 [2012]; *see Matter of Brian M. v New York State Off. of Children & Family Servs.*, 98 AD3d at 743). Our review of a determination by the Director of the New York State Central Register, Division of Child Welfare and Community Services, and the Commissioner of the New York State Office of Children and Family Services that the petitioner maltreated the subject children is limited to whether the determination was supported by substantial evidence (*see Matter of Timothy G. v New York State Off. of Children & Family Servs.*, 121 AD3d 788, 789 [2014]; *Matter of Johnson v New York State Off. of Children & Family Servs.*, 118 AD3d 884 [2014]). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Matter of Marie A.P. v Nassau County Dept. of Social Servs.*, 100 AD3d at 1004, quoting *Matter of Richard R. v Carrion*, 67 AD3d 915, 916 [2009]; *see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]).

Here, the determination that the petitioner maltreated the subject children was not supported by substantial evidence (*see Matter of Timothy G. v New York State Off. of Children & Family Servs.*, 121 AD3d at 789; *Matter of Marie A.P. v Nassau County Dept. of Social Servs.*, 100 AD3d at 1004). The petitioner's conduct with respect to the subject children did not, under the circumstances here, constitute maltreatment (*see Matter of*

*Timothy G. v New York State Off. of Children & Family Servs.*, 121 AD3d at 789).

Accordingly, the petition must be granted, the determination of the New York State Office of Children and Family Services annulled, and the matter remitted to the New York State Office of Children and Family Services to amend the indicated report to an unfounded report and to seal the amended report. Skelos, J.P., Austin, Miller and Hinds-Radix, JJ., concur.