■ In the Matter of A & U Auto Repair, Appellant, v New York State Department of Motor Vehicles, Respondent. [24 NYS3d 342]—Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated July 29, 2014, which confirmed the determination of an administrative law judge dated July 16, 2013, made after a hearing, finding that the petitioner violated Vehicle and Traffic Law § 303 (e) (3), and imposed a penalty, which proceeding was transferred to this Court by order of the Supreme Court, Rockland County (Loehr, J.), dated January 9, 2015, and appeal by the petitioner, as limited by its brief, from so much of the same order as denied that branch of the petition which alleged that the administrative law judge deprived the petitioner of due process by denying its request for an adjournment of the hearing.

Ordered that on the Court's own motion, the notice of appeal from the order dated January 9, 2015, is deemed to be an application for leave to appeal from so much of the order as denied that branch of the petition which alleged that the administrative law judge deprived the petitioner of due process by denying its request for an adjournment of the hearing, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the New York State Department of Motor Vehicles.

The administrative law judge did not improvidently exercise his discretion in denying the petitioner's adjournment request, which was made on the date of the hearing (see 15 NYCRR 127.7 [b], [d]; Matter of Gerber v New York State Dept. of Motor Vehs., 129 AD3d 959, 960 [2015]). The petitioner was provided with an adequate opportunity to obtain legal representation and, thus, the denial of its request for an adjournment to retain legal counsel did not deprive the petitioner of due process (see Matter of Gell v Carrion, 81 AD3d 953, 953-954 [2011]).

Furthermore, substantial evidence supports the determination that the petitioner violated Vehicle and Traffic Law § 303 (e) (3) (see Matter of Khan Auto Serv., Inc. v New York State Dept. of Motor Vehs., 123 AD3d 1258 [2014]; Matter of San Miguel Auto Repair Corp. v State of N.Y. Dept. of Motor Vehs., 111 AD3d 422 [2013]; Matter of K.C. Serv. v New York State Dept. of Motor Vehs., 284 AD2d 464 [2001]). Chambers, J.P., Hall, Austin and Barros, JJ., concur.