■ In the Matter of Jasmine Nichols, Petitioner, v New York State Central Register of Child Abuse and Maltreatment et al., Respondents. [26 NYS3d 331]—

Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Office of Children and Family Services dated July 25, 2014, which, after a hearing, denied the petitioner's application to amend and

seal a report maintained by the New York State Central Register of Child Abuse and Maltreatment.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the matter is remitted to the respondent New York State Central Register of Child Abuse and Maltreatment to grant the petitioner's application.

At an administrative hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established by a fair preponderance of the evidence (*see Matter of Lee TT. v Dowling*, 87 NY2d 699 [1996]). Judicial review of a determination that such a report has been substantiated is limited to whether the determination is supported by substantial evidence in the record (*see Matter of M.C. v New York State Off. of Children & Family Servs.*, 93 AD3d 665 [2012]).

In this case, the determination that a fair preponderance of the evidence established that the petitioner maltreated her children was not supported by substantial evidence (*see id.* at 665; *Matter of Senande v Carrion*, 83 AD3d 851, 852 [2011]). The petitioner's conduct, as reflected in the record evidence, did not place the child's physical, mental, or emotional condition in "imminent danger" of becoming impaired (18 NYCRR 432.1 [b] [1] [ii]; *see Matter of Senande v Carrion*, 83 AD3d at 852). Imminent danger "must be near or impending, not merely possible" (*Matter of Anna F.*, 56 AD3d 1197, 1198 [2008] [internal quotation marks omitted]). Accordingly, the petition must be granted, the determination annulled, and the matter remitted to the respondent New York State Central Register of Child Abuse and Maltreatment to grant the petitioner's application to amend the subject indicated report to an unfounded report and seal the amended report.

In reaching our determination, we have not considered material which was submitted but is dehors the administrative record (*see Matter of Hogg v Cianciulli*, 247 AD2d 474 [1998]).

In light of our determination, we need not reach the petitioner's remaining contentions. Chambers, J.P., Austin, Miller and LaSalle, JJ., concur.