Matter of Solvin M. v New York State Off. of Children & Family Servs. (2020 NY Slip Op 01447)





Matter of Solvin M. v New York State Off. of Children & Family Servs.


2020 NY Slip Op 01447


Decided on March 3, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2020

Acosta, P.J., Friedman, Mazzarelli, Webber, JJ.


11185 450303/18

[*1] In re Solvin M., Petitioner,
v
New York State Office of Children and Family Services, et al., Respondents.


The Bronx Defenders, Bronx (Lauren Teichner of counsel), for petitioner.
Letitia James, Attorney General, New York (Amit R. Vora of counsel), for New York State Office of Children and Family Services, respondent.
James E. Johnson, Corporation Counsel, New York (Antonella Karlin of counsel), for New York City Administration for Children's Services, respondent.



Determination of respondent New York State Office of Children and Family Services (OCFS), dated October 11, 2017, which, after a hearing, found that petitioner maltreated her children, unanimously confirmed, without costs, and the petition brought pursuant CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Shlomo Hagler, J.], entered on or about December 3, 2018), denied.
The administrative determination that respondent proved by a preponderance of the evidence that petitioner maltreated her children was supported by substantial evidence (see generally Matter of Valentine v New York State Cent. Register of Child Abusers & Maltreatment, 37 AD3d 249, 250 [1st Dept 2007].
The finding of maltreatment was based on allegations made in a telephone call to the State Central Register (SRC) by a named individual, that in the presence of her children, petitioner stole a credit card and identification out of someone's purse, attempted to use it and was caught. The caller also alleged that petitioner used her two-year-old child to shield herself from the victim and gave another one of her children stolen items to hide. According to the caller, petitioner was arrested at the scene. The Administration for Children's Services (ACS) corroborated the allegations by interviews with the children as well as the police and indicated a report against petitioner for inadequate guardianship.
Respondent OCFS properly found that ACS established by a fair preponderance of the evidence that petitioner committed the maltreatment as alleged in the indicated report. The investigative notes of ACS provided clear evidence that petitioner had engaged in stealing in front of her children, warranting a finding of inadequate guardianship. As noted by respondent, although the children denied seeing petitioner steal a credit card during the incident, their admissions as to other observations during the incident had more weight than their denials. Further, each child acknowledged witnessing petitioner engaged in larcenies in the past. As [*2]respondent determined, there was "undisputed" evidence of petitioner's substantial criminal history of stealing in front of the children as well as evidence that the incident physically, mentally or emotionally impacted the children involved (see 18 NYCRR 432.1[b]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 3, 2020
CLERK