Matter of O'Connor v Poole (2022 NY Slip Op 00426)





Matter of O'Connor v Poole


2022 NY Slip Op 00426


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-04906
 (Index No. 53785/18)

[*1]In the Matter of Robert E. O'Connor, petitioner,
v
Sheila J. Poole, etc., et al., respondents.


Steven H. Klein & Associates, P.C., Poughkeepsie, NY, for petitioner.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Amit R. Vora of counsel), for respondents Sheila J. Poole, New York State Office of Children and Family Services, and New York State Central Register.
Caroline E. Blackburn, County Attorney, Poughkeepsie, NY (Michael L. Rusilas of counsel), for respondent Dutchess County Child Protective Services.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services dated August 2, 2018, which, after a fair hearing pursuant to Social Services Law § 422(8), denied the petitioner's application to amend an indicated report maintained by the New York State Central Register of Child Abuse and Maltreatment.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In 2017, the Department of Community and Family Services (hereinafter DCFS) investigated a report of child maltreatment involving the petitioner. The report alleged that during a domestic dispute, the petitioner struck his wife in the face in the presence of the subject children, causing his wife to fall and sustain a broken nose, broken toe, and bruises. After an investigation, DCFS found that the report against the petitioner was indicated. The petitioner subsequently made an application to the New York State Office of Children and Family Services to amend the report from "indicated" to "unfounded." Following a fair hearing held pursuant to Social Services Law § 422(8), an Administrative Law Judge (hereinafter ALJ) determined, inter alia, that the indicated report was supported by a fair preponderance of the evidence, and denied the petitioner's application. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review the denial of his application to amend the report. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
To establish maltreatment, a child protective service agency is required to show by a preponderance of the evidence that the physical, mental, or emotional condition of the child had been impaired or was in imminent danger of becoming impaired because of a failure by the petitioner to exercise a minimum degree of care in providing the child with appropriate supervision or guardianship (see Matter of Gauthier v Joyce, 127 AD3d 859, 860). Our review is limited to whether substantial evidence supports the determination (see Matter of Peng v Poole, 191 AD3d [*2]886, 887).
Here, there is substantial evidence to support the ALJ's determination that a fair preponderance of the evidence established that the petitioner maltreated his children, including the testimony and progress notes of the caseworker (see Matter of Brown v Velez, 153 AD3d 517, 518). Further, the ALJ providently exercised her discretion in drawing a negative inference against the petitioner, since he did not testify (see Matter of Christopher D.B. [Lorraine H.], 157 AD3d 944, 947). Finally, the references in the petitioner's brief to matters that are dehors the record have not been considered by this Court.
BARROS, J.P., CONNOLLY, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court