Matter of Jeter v Poole (2022 NY Slip Op 04121)

Matter of Jeter v Poole

2022 NY Slip Op 04121

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Scarpulla, Higgitt, JJ. 

Index No. 150803/21 Appeal No. 16219 & M-01881 Case No. 2021-01779 

[*1]In the Matter of Shani Jeter, Petitioner,
v
Sheila Poole, as Commissioner of the New York State Office of Children and Family Services, et al., Respondents. The Bronx Defenders; Brooklyn Defender Services; Center for Family Representation; Children's Defense Fund-New York; Children's Law Center; Empire Justice Center; Family Defense Practicum, CUNY School of Law; Family Law Practice Clinic, CUNY School of Law, JMAC for Families; JustCause; Legal Services NYC; Legal Services of the Hudson Valley; Monroe County Public Defender's Office; Neighborhood Defender Service of Harlem; New York University School of Law Family Defense Clinic; Parent Legislative Action Network; RISE; SafeHorizon; Sanctuary for Families; St. John's University School of Law Child Advocacy Clinic; The Legal Aid Society; The Legal Aid Society of Nassau County; Urban Justice Center; Voices of Women and Women's Prison Association. Amici Curiae.

Lansner & Kubitschek, New York (Carolyn A. Kubitschek of counsel), for petitioner.
Letitia James, Attorney General, New York (Elizabeth A. Brody of counsel), for Sheila Poole, respondent.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for Administration for Children's Services, respondent.
Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Erin Morgan and Audra J. Soloway of counsel), for amici curiae.

Determination of respondent New York State Office of Children and Family Services (OCFS), dated September 22, 2020, which, after a hearing, denied petitioner's request to amend and to seal an indicated report finding maltreatment of her adopted daughter, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Margaret A. Chan, J.], entered April 19, 2021) dismissed, without costs.
The determination is supported by substantial evidence in the record (CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]). The investigative notes of respondent New York City Administration for Children's Services (ACS) provide sufficient evidence that petitioner struck the subject child with an extension cord, given the child's consistent story as recounted to a teacher, police officer, and ACS on several occasions over the span of a week, and the observation by multiple people of the child's injuries (see Matter of Solvin M. v New York State Off. of Children & Family Servs., 181 AD3d 412, 413 [1st Dept 2020]; Social Services Law §§ 371[4-a][i][B], 412[2][a]; 18 NYCRR 432.1[b][1]). As this Court held in Matter of R.B. v New York State Off. of Children & Family Servs., "[t]he adjournment in contemplation of dismissal in Family Court, [ ] does not 'create a presumption that there is a lack of a fair preponderance of the evidence to prove that a child has been abused or maltreated'" (199 AD3d 429, 430 [1st Dept 2020], quoting 18 NYCRR 434.10[f]). It was also rational to conclude that the indicated report is "relevant and reasonably related" to childcare employment, given the nature of the allegations here (Social Services Law § 422[8][a][ii]).
Contrary to petitioner's contention, OCFS properly relied upon the ACS intake and progress notes (see Matter of Rosa v New York City Hous. Auth., Straus Houses, 160 AD3d 499, 500 [1st Dept 2018] ["It is well-settled that hearsay is admissible in administrative proceedings, that it may be the basis for an administrative determination, and — if sufficiently relevant and probative — may constitute substantial evidence alone"]). In addition, "OCFS was not required to credit petitioner's version of events'" (Matter of Rosengarten, 202 AD3d at 641, quoting Matter of Velez v New York State Off. of Children, 157 AD3d 575, 575-576 [1st Dept 2018]).
Nor did the exclusion from the hearing record of an unsigned, undated and unnotarized note purportedly written by the child to the Family Court in the related abuse or neglect proceeding, in which she appeared to retract the allegation of abuse, violate due process. "OCFS was not required to credit the child's recantation, since it is accepted that such a reaction is common among abused children" (Matter of R.B. v New York State Off. of Children & Family Servs., 199 AD3d 429, 430 [1st Dept 2021] [internal quotation marks omitted]).
Petitioner's constitutional right to due process was not violated by the failure to assign her counsel. In administrative proceedings before OCFS, the individual need only be "provided with an adequate opportunity to obtain legal representation" (Matter of Gell v Carrion, 81 AD3d 953, 954 [2d Dept 2011] [internal quotation marks omitted]). The record shows that she was advised of her rights several months before the hearing, and she concedes that her husband, in seeking to amend the same indicated report as against him, obtained representation. Further, while these proceedings may impact petitioner's employment options (see Social Service Law § 424-a[1][a][i]-[ii], [2][a]; Matter of Lee TT. v Dowling, 87 NY2d 699, 710 [1996]), they do not implicate "the liberty of the child" or his or her "care or control" (Matter of Ella B., 30 NY2d 352, 356-357 [1972]).
Contrary to petitioner's contention, the change in the Social Services Law does not impact her case, as the fair hearing was held on August 27, 2020 and the agency decision was rendered on September 22, 2020 (see Social Services Law § 422[8][b][ii]). A statute "is presumed to apply only prospectively" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 335, 370 [2020]), and will not be given retroactive effect "unless the language expressly or by necessary implication requires it" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584 [1998]). The statutory amendment here, which passed in 2020, specifies that it "shall take effect January 1, 2022," well after petitioner's fair hearing before the agency (L 2020, ch 56, part R, §§ 6, 11), and the stated legislative purpose of the amendment does not mandate a different result. (id. at 589).
We have considered petitioner's remaining contentions and find them unavailing.
M-1881 - In the Matter of Shani Jeter v
Sheila Poole, etc., et al.
Motion for leave to file a second supplemental appendix, denied. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022