Matter of Blanca H. v Manuel F.M. (2024 NY Slip Op 03084)

Matter of Blanca H. v Manuel F.M.

2024 NY Slip Op 03084

Decided on June 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2024

Before: Webber, J.P., Oing, Kapnick, Rosado, Michael, JJ. 

Docket No. O-3892/22 Appeal No. 2446 Case No. 2023-04299 

[*1]In the Matter of Blanca H., Petitioner-Appellant,
v
Manuel F.M., Respondent-Respondent.

Law Offices of Thomas R. Villecco, P.C., New York (Thomas R. Villecco of counsel), for appellant.
Larry S. Bachner, New York, for respondent.

Order, Family Court, New York County (Stephanie Schwartz, J.), entered on or about July 31, 2023, which, to the extent appealed from as limited by the briefs, after a fact-finding hearing, granted respondent's motion to dismiss the petition alleging the family offense of reckless endangerment in the second degree, unanimously affirmed, without costs.
Family Court properly dismissed the petition concluding that petitioner failed to prove by a fair preponderance of the evidence that respondent committed a family offense (see Matter of Everett C. v Oneida P., 61 AD3d 489, 489 [1st Dept 2009]; Family Court Act § 832). 
Petitioner failed to demonstrate prima facie that respondent's actions constituted the family offense of reckless endangerment in the second degree (see Penal Law § 120.20). As noted by Family Court, it was unclear as to exactly what had occurred and how respondent's actions constituted the offense alleged. Moreover, there was no evidence presented that respondent at any time placed the child in any physical danger (see Matter of Nichols v New York State Cent. Register of Child Abuse & Maltreatment, 137 AD3d 790, 791 [1st Dept 2016]; Matter of Lashlee v Lashlee, 145 AD3d 723, 724 [2d Dept 2016]). 
While petitioner argues that Family Court erroneously incorporated a credibility analysis in deciding the motion to dismiss, the record establishes that Family Court nevertheless sought to accept the evidence as true and gave petitioner the benefit of every reasonable inference in concluding that petitioner failed to demonstrate prima facie that respondent's actions constituted a family offense (see Matter of Mamantov v Mamantov, 86 AD3d 540, 541 [2d Dept 2011], lv denied 17 NY3d 715 [2011]; Matter of Janice M. v Terrance J., 96 AD3d 482, 482 [1st Dept 2012]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2024