■ In the Matter of Susan Butler, Petitioner, v H. Carl McCall, as Comptroller of the State of New York, Respondent. [634 NYS2d 265] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

During January 1993, petitioner traveled to Florida to attend the American Correctional Association's winter conference in her capacity as Deputy Commissioner of Correctional Services. During the conference, petitioner suffered the onset of lower back pain. In an employee accident report dated February 19, 1993, petitioner stated that during the course of the conference she was required to sit for long periods of time and walk a great deal and on January 13, 1993 began experiencing excruciating back pain. The report was also signed by the Commissioner of Correctional Services. On December 22, 1993, petitioner applied for accidental disability retirement benefits. Within her application, petitioner failed to detail the accident where requested, referring instead to the nature of her disability. Subsequently, petitioner stated that her disability resulted from a slip and fall on bus steps on January 13, 1993.

After a hearing in which both petitioner and the Commissioner testified that petitioner had slipped and fallen while exiting a bus at the conference, respondent found that the events precipitating the disability were those described in the accident report and denied the application. Petitioner com-

menced this proceeding contending that the determination is not supported by substantial evidence.

We confirm. The testimony of petitioner and the Commissioner was inconsistent with the description contained in the accident report and, as such, merely presented a credibility issue for respondent (*see, Matter of Smith v New York State & Local Retirement Sys.*, 199 AD2d 763; *see also, Matter of Dering v Regan,* 177 AD2d 931). We find no merit to petitioner's contention that the introduction into evidence of a portion of her attending physician's notes was error (*see, Matter of Gray v Adduci,* 73 NY2d 741; *People ex rel. Vega v Smith,* 66 NY2d 130). The medical notes dated January 21, 1993 stated that petitioner, with a history of two surgeries for scoliosis, "had been overdoing it about a week and a half or so ago and developed" back pain. It was introduced for the purpose of assessing petitioner's credibility. Petitioner was offered, but did not accept, the opportunity to adjourn the hearing to call the physician (*see, Matter of Gray v Adduci, supra; Matter of Simpson v Wolansky,* 38 NY2d 391, 395). As respondent's determination is supported by substantial evidence, it will not be disturbed (*see, Matter of Mazur v Regan,* 188 AD2d 820; *Matter of Galioto v Regan,* 126 AD2d 880).

Cardona, P. J., White, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.