■ In the Matter of EILEEN BULLOCK, Petitioner, v STATE OF NEW YORK DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [669 NYS2d 618] —Proceeding pursuant to CPLR article 78 to review a determination of the State of New York Depart-

ment of Social Services, dated September 16, 1996, which, after a hearing, found that the petitioner had committed an act of maltreatment of a minor and that such maltreatment was established by a fair preponderance of the evidence and was relevant and reasonably related to child care employment.

Adjudged that the determination is confirmed and the proceeding is dismissed, on the merits, without costs or disbursements.

New York's Central Register of Child Abuse and Maltreatment (hereinafter Central Register) contains an "indicated" report of maltreatment, and more specifically, lack of supervision and inadequate guardianship, by the petitioner. The report is based on an incident in which a two-year-old child under the supervision of the petitioner's day care center was left alone in a nearby park. The petitioner's request that the Central Register expunge the report was denied. Pursuant to Social Services Law § 422 (8) (a) (i), (v), an administrative hearing was then scheduled to determine whether there was some credible evidence that the petitioner committed the acts of maltreatment alleged. Pursuant to the statute, if it was determined that some credible evidence existed, a determination had to be made as to whether such acts were relevant and reasonably related to employment by a child care agency, and whether it was shown by a fair preponderance of the evidence that the petitioner committed the acts giving rise to the indicated report before the existence of the report was disseminated to any provider or licensing agency making inquiries. During the hearing, the petitioner maintained that it was not she who left the child in the park but rather another teacher employed by the day care center who was in charge of the children.

After the hearing, the Commissioner of the State of New York Department of Social Services (hereinafter the Commissioner) issued a decision affirming the determination of the City of New York Department of Social Services (hereinafter the DSS) to "indicate" a report of child maltreatment by lack of supervision and inadequate guardianship. The Commissioner found that leaving a young child alone in a park subjected the child to substantial danger and he concluded that there was some credible evidence as well as a fair preponderance of the evidence in the record to support the finding of the DSS.

Judicial review of an administrative determination is limited to consideration of whether the determination is supported by substantial evidence on the record as a whole (*see, People ex rel. Vega v Smith,* 66 NY2d 130; *300 Gramatan Ave. Assocs. v*

*State Div. of Human Rights,* 45 NY2d 176). It is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses (*see, Matter of Silberfarb v Board of Coop. Educ. Servs.,* 60 NY2d 979).

Here, there was substantial evidence in the record consisting of hearing testimony, the investigation of the DSS, and interviews with the petitioner and other witnesses to support the Commissioner's finding that the petitioner maltreated a child pursuant to Social Services Law § 412 (2).

Moreover, the petitioner's contention, that the determination was based solely on inadmissible hearsay evidence, is without merit. Hearsay is admissible in an administrative hearing and, if sufficiently relevant and probative, hearsay alone may constitute substantial evidence (*see, Matter of Bryant v Coughlin,* 77 NY2d 642; *Matter of Gray v Adduci,* 73 NY2d 741; *Matter of Hutchinson v Coughlin,* 220 AD2d 419).

The petitioner's remaining contentions are without merit. Sullivan, J. P., Friedmann, Florio and Luciano, JJ., concur.