■ In the Matter of ANNE SAPORITO, Petitioner, v GLADYS CARRION, Respondent. [886 NYS2d 635]—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Office of Children and Family Services dated December 5, 2007, which, after a hearing, inter alia, denied the petitioner's application to amend and seal a report maintained in the New York State Central Register of Child Abuse and Maltreatment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

"At an administrative expungement hearing, a report of child abuse or maltreatment must be established by a fair preponderance of the evidence" (*Matter of Blythe v Carrion*, 63 AD3d 1059, 1059 [2009]; *see Matter of Lee TT. v Dowling*, 87 NY2d 699, 703 [1996]). "It is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses" (*Matter of Bullock v State of N.Y. Dept. of Social Servs.*, 248 AD2d 380, 382 [1998]).

"Our review . . . is limited to whether the determination was supported by substantial evidence in the record on the petitioners' application for expungement" (*Matter of Lynnann P. v Suffolk County Dept. of Social Servs.*, 28 AD3d 484, 484 [2006]; *see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *Matter of Bullock v State of N.Y. Dept. of Social Servs.*, 248 AD2d at 381). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180). Significantly, "[h]earsay is admissible in an administrative hearing and, if sufficiently relevant and probative, hearsay alone

may constitute substantial evidence" (*Matter of Bullock v State of N.Y. Dept. of Social Servs.*, 248 AD2d at 382; *see Matter of Ribya BB. v Wing*, 243 AD2d 1013, 1014 [1997]).

"Here, the . . . finding that a fair preponderance of the evidence established that the petitioner maltreated the subject child . . . is supported by substantial evidence" (*Matter of Blythe v Carrion*, 63 AD3d at 1060; *see Matter of Valentine v New York State Cent. Register of Child Abusers & Maltreatment*, 37 AD3d 249 [2007]; *Matter of Lynnann P. v Suffolk County Dept. of Social Servs.*, 28 AD3d 484 [2006]; *Matter of Sheomber v New York State Off. of Children & Family Servs.*, 22 AD3d 761 [2005]; *Matter of Brown v Johnson*, 294 AD2d 241 [2002]; *Matter of Solivan v Johnson*, 9 AD3d 467 [2004]; *Matter of Bullock v State of N.Y. Dept. of Social Servs.*, 248 AD2d at 381-382; *Matter of Ribya BB. v Wing*, 243 AD2d at 1013). Accordingly, the determination must be confirmed, the petition denied, and the proceeding dismissed on the merits. Dillon, J.P., Florio, Belen and Roman, JJ., concur.