■ In the Matter of VICKIE BENJAMIN, Petitioner, v GLADYS CARRION et al., Respondents. [915 NYS2d 81]—

Proceeding pursuant to CPLR article 78 to review a determination of David Molik, designee of the Commissioner of the New York State Office of Children and Family Services, dated March 2, 2007, which, after a hearing, denied the petitioner's application to amend and expunge a report maintained by the New York State Central Register of Child Abuse and Maltreatment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

At an administrative expungement hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established by a fair preponderance of the evidence (*see Matter of Lee TT. v Dowling*, 87 NY2d 699 [1996]; *Matter of Blythe v Carrion*, 63 AD3d 1059 [2009]). "It is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses" (*Matter of Bullock v State of N.Y. Dept. of Social Servs.*, 248 AD2d 380, 382 [1998]).

Judicial review of a determination that such a report has been substantiated is limited to whether the determination is supported by substantial evidence in the record (*see Matter of Blythe v Carrion*, 63 AD3d at 1060; *Matter of Valentine v New York State Cent. Register of Child Abusers & Maltreatment*, 37 AD3d 249, 250 [2007]). "Substantial evidence has been defined as 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Matter of Joseph v Johnson*, 27 AD3d 563, 563 [2006], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). "It has also been held that substantial evidence is . . . more than mere speculation or conjecture, but less than a preponderance of the evidence" (*Matter of Joseph v Johnson*, 27 AD3d at 563, citing *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180).

Here, there is substantial evidence in the record to support the determination of David Molik, designee of the Commissioner of the New York State Office of Children and Family Ser-

vices, that the subject child's physical, mental, or emotional condition has been impaired, or is in imminent danger of becoming impaired, as a result of the petitioner's failure to exercise a minimum degree of care in providing proper supervision or guardianship (*see Matter of Joseph v Johnson*, 27 AD3d 563 [2006]; *Matter of Fernald v Johnson*, 305 AD2d 503 [2003]; *see also Matter of Karyn D.*, 282 AD2d 746, 746-747 [2001]; *Matter of Jesse DD.*, 223 AD2d 929, 931-932 [1996]; *Matter of Moises D.*, 128 AD2d 775, 778 [1987]; Social Services Law § 412 [2] [a] [i]; Family Ct Act § 1012 [f] [i] [B]). Accordingly, this CPLR article 78 proceeding must be dismissed on the merits. Skelos, J.P., Eng, Hall and Lott, JJ., concur.