■ In the Matter of KIMBERLY ESTEVA, Petitioner, v NEW YORK STATE CENTRAL REGISTER OF CHILD ABUSE AND MALTREATMENT et al., Respondents. [919 NYS2d 93]—

At an administrative expungement hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established by a preponderance of the evidence (*see Matter of Lee TT. v Dowling*, 87 NY2d 699, 703 [1996]; *Matter of Blythe v Carrion*, 63 AD3d 1059 [2009]). "It is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses" (*Matter of Bullock v State of N.Y. Dept. of Social Servs.*, 248 AD2d 380, 382 [1998]).

Judicial review of a determination that a report of maltreatment has been substantiated is limited to whether the determination is supported by substantial evidence in the record (*see Matter of Valentine v New York State Cent. Register of Child Abusers & Maltreatment*, 37 AD3d 249, 249-250 [2007]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see Matter of Lynnann P. v Suffolk County Dept. of Social Servs.*, 28 AD3d 484, 485 [2006]).

Here, the New York State Office of Children and Family Services determined that it was established by a preponderance of the evidence that the subject child's physical, mental, or emotional condition has been impaired, or is in imminent danger of becoming impaired, as a result of the petitioner's failure to exercise a minimum degree of care in providing proper supervision or guardianship (*see* Social Services Law § 412 [2] [a] [i]; Family Ct Act § 1012 [f] [i] [B]; 18 NYCRR 432.1 [b] [1]; *Matter of Benjamin v Carrion*, 79 AD3d 744 [2010]; *Matter of Barnes v New York State Off. of Children & Family Servs.*, 67 AD3d 787, 788 [2009]). That determination is supported by substantial evidence. Accordingly, this CPLR article 78 proceeding must be dismissed on the merits. Mastro, J.P., Skelos, Leventhal and Roman, JJ., concur.