In the Matter of CHRISTIE OJOFEITIMI, Petitioner, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, Respondent. [932 NYS2d 361]—

At an administrative expungement hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established by a fair preponderance of the evidence (*see Matter of Lee TT. v Dowling*, 87 NY2d 699, 703 [1996]; *Matter of Esteva v New York State Cent. Register of Child Abuse & Maltreatment*, 82 AD3d 978, 979 [2011]; *Matter of Blythe v Carrion*, 63 AD3d 1059 [2009]; *Matter of Lynnann P. v Suffolk County Dept. of Social Servs.*, 28 AD3d 484, 485 [2006]). "It is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses" (*Matter of Bullock v State of N.Y. Dept. of Social Servs.*, 248 AD2d 380, 382 [1998]; *see Matter of Silberfarb v Board of Coop. Educ. Servs., Third Supervisory Dist., Suffolk County*, 60 NY2d 979, 981 [1983]; *Matter of Reed v Carrion*, 84 AD3d 1094 [2011]; *Matter of Benjamin v Carrion*, 79 AD3d 744 [2010]).

"Judicial review of a determination that a report of maltreatment has been substantiated is limited to whether the determination is supported by substantial evidence in the record" (*Matter of Esteva v New York State Cent. Register of Child Abuse & Maltreatment*, 82 AD3d at 979; *see Matter of Benjamin v Carrion*, 79 AD3d 744 [2010]; *Matter of Blythe v Carrion*, 63 AD3d 1059 [2009]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a

conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see Matter of Lynnann P. v Suffolk County Dept. of Social Servs.*, 28 AD3d 484, 485 [2006]).

To establish that maltreatment occurred, the agency must show that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of the person legally responsible for his care to exercise a minimum degree of care (*see* 18 NYCRR 432.1 [b] [1]). Here, the Commissioner of the New York State Office of Children and Family Services determined that a fair preponderance of the evidence established that the petitioner's failure to provide proper supervision of an eight-month-old child in her daycare center placed his physical condition in imminent danger of becoming impaired. That determination is supported by substantial evidence (*see* 18 NYCRR 432.1 [b] [1] [ii]; *Matter of Febles v Dutchess County Dept. of Social Servs. Child Protective Servs.*, 68 AD3d 993 [2009]; *Matter of Bullock v State of N.Y. Dept. of Social Servs.*, 248 AD2d at 382; *Matter of Ribya BB. v Wing*, 243 AD2d 1013 [1997]). The evidence established that the children in her daycare center were left unattended and that, during this period, a two-year-old child escaped from her playpen and scratched the eight-month-old child, who was in a highchair, several times on his face, drawing blood and requiring medical assistance.

Accordingly, the determination must be confirmed, the petition denied, and the proceeding dismissed on the merits. Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur.