■ In the Matter of EMILY ARCHER, Petitioner, v GLADYS CARRION, as Commissioner of the New York State Office of Children and Family Services, et al., Respondents. [985 NYS2d 620]—

Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Office of Children and Family Services dated June 26, 2012, which, after a hearing, denied the petitioner's application, inter alia, to expunge a report maintained by the New York State Central Register of Child Abuse and Maltreatment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs to the respondent Gladys Carrion.

At an administrative expungement hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established by a fair preponderance of the evidence (see Matter of Lee TT. v Dowling, 87 NY2d 699, 703 [1996]; Matter of Esteva v New York State Cent. Register of Child Abuse & Maltreatment, 82 AD3d 978, 979 [2011]). "Judicial review of a determination that a report of maltreatment has been substantiated is limited to whether the determination is supported by substantial evidence in the record" (Matter of Esteva v New York State Cent. Register of Child Abuse & Maltreatment, 82 AD3d at 979; see CPLR 7803 [4]; Matter of Benjamin v Carrion, 79 AD3d 744 [2010]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). To establish that maltreatment occurred, the agency must show, by a preponderance of the evidence, that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of the person legally responsible for his or her care to exercise a minimum degree of care in supplying the child with, among other things, proper supervision (see 18 NYCRR 432.1 [b] [1]).

Here, substantial evidence supports the determination of the Commissioner of the New York State Office of Children and Family Services that the petitioner, a daycare worker, failed to provide a 22-month-old child under her care with proper supervision. The evidence established that the backyard of the daycare center where the petitioner was supervising 10 children was not properly secured, in that two gates separating the backyard from the frontyard lacked proper latches, and the fencing around the backyard was partially collapsed and had holes in it. Due to the petitioner's inattentiveness, the subject child wandered away from the backyard and onto a busy four-lane road. Upon realizing the child was missing, the petitioner

failed to enlist the aid of her employer, and instead searched for the child by herself. Under these circumstances, the petitioner maltreated the subject child (*see Matter of Ojofeitimi v New York State Off. of Children & Family Servs.*, 89 AD3d 854 [2011]; *Matter of Bullock v State of N.Y. Dept. of Social Servs.*, 248 AD2d 380 [1998]).

By twice expressly declining the offer of the administrative law judge (hereinafter ALJ) to adjourn the hearing in order to call a Orange County Department of Social Services caseworker to testify, the petitioner waived judicial review of her claim that she was denied the opportunity to examine the caseworker (*see Matter of Gray v Adduci*, 73 NY2d 741 [1988]; *Matter of Mc-Moore v Bezio*, 67 AD3d 1218 [2009]; *Matter of Davis v Prack*, 63 AD3d 1457, 1458 [2009]; *Matter of Frederick G. v New York State Cent. Register of Child Abuse & Maltreatment*, 53 AD3d 1075, 1077 [2008]; *Matter of Butler v McCall*, 221 AD2d 892, 893 [1995]).

The ALJ committed no error (*see* CPLR 7803 [3]) in declining to admit into evidence a determination of the New York State Unemployment Insurance Appeal Board regarding the petitioner's request for unemployment benefits, since that evidence was irrelevant to the charges against the petitioner (*see* 18 NYCRR 434.10 [j]; *Matter of Shisler v New York State Employees' Retirement Sys.*, 288 AD2d 526, 527 [2001]; *Matter of Snyder v New York State Employees' Retirement Sys.*, 43 AD2d 871 [1974]).

The petitioner's remaining contention is without merit. Mastro, J.P., Chambers, Lott and Duffy, JJ., concur.