■ In the Matter of ALBA LOPEZ, Petitioner, v NEW YORK STATE OFFICE OF CHILDREN & FAMILY SERVICES et al., Respondents. [27 NYS3d 653]—

Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Office of Children and Family Services dated February 19, 2014, which, after a hearing, denied the petitioner's application to amend and seal two indicated reports maintained by the New York State Register of Child Abuse and Maltreatment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

At an administrative expungement hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established by a preponderance of the evidence (*see Matter of Lee TT. v Dowling*, 87 NY2d 699, 703 [1996]; *Matter of Irving v Carrion*, 120 AD3d 500, 500 [2014]; *Matter of Esteva v New York State Cent. Register of Child Abuse & Maltreatment*, 82 AD3d 978, 979 [2011]; *Matter of Blythe v Carrion*, 63 AD3d 1059, 1059 [2009]). "It is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses" (*Matter of Bullock v State of N.Y. Dept. of Social Servs.*, 248 AD2d 380, 382 [1998]).

Judicial review of a determination that a report of maltreatment has been substantiated is limited to whether the determination is supported by substantial evidence in the record (*see Matter of Irving v Carrion*, 120 AD3d at 500; *Matter of Reed v Carrion*, 84 AD3d 1094, 1094 [2011]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]).

To establish that maltreatment occurred, the agency must show that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of the person legally responsible for his care to exercise a minimum degree of care (*see* 18 NYCRR 432.1 [b] [1]). Here, the Commissioner of the New York State Office of Children and Family Services determination that the petitioner's improper supervision of a four-year-old child in her daycare center impaired the child's

emotional condition is supported by substantial evidence (*see* 18 NYCRR 432.1 [b] [1] [ii]; *Matter of Febles v Dutchess County Dept. of Social Servs. Child Protective Servs.*, 68 AD3d 993, 993-994 [2009]). The record contains evidence that the children in the petitioner's day care center were left unattended and that, during this period, the subject child was touched in a sexual manner and spoken to repeatedly about sex by another child, causing him to act out sexually at home.

The petitioner's remaining contentions are either without merit or improperly raised for the first time in this proceeding (*see Matter of Chinnery v Carrion*, 134 AD3d 703 [2015]).

Accordingly, we confirm the determination, deny the petition, and dismiss the proceeding on the merits. Dillon, J.P., Dickerson, Austin and Duffy, JJ., concur.