■ In the Matter of MICHAEL BROWN, Appellant, v ROBERTO VELEZ, as Acting Commissioner of State of New York Office of Children and Family Services, et al., Respondents. [60 NYS3d 218]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services dated October 14, 2014, which, after a hearing, denied the petitioner's application to amend and seal an indicated report maintained by the New York State Central Register of Child Abuse and Maltreatment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

In November 2013, the petitioner was the subject of a report made to the Statewide Central Register of Child Abuse and Maltreatment, alleging that he had engaged in physical altercations with his girlfriend in the presence of the subject child. The Westchester County Department of Social Services investigated the report and thereafter determined that the report was indicated. In a determination dated October 14, 2014, made after a hearing, the respondent denied the

petitioner's application to amend and seal the indicated report. The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review that determination. By order, dated July 6, 2015, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

At an administrative expungement hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established by a preponderance of the evidence (see Matter of Lee TT. v Dowling, 87 NY2d 699, 712 [1996]; Matter of Lopez v New York State Off. of Children & Family Servs., 137 AD3d 1143, 1143 [2016]). "It is the function of the administrative agency, not the reviewing court, to weigh the evidence [and] assess the credibility of the witnesses" (Matter of Bullock v State of N.Y. Dept. of Social Servs., 248 AD2d 380, 382 [1998]; see Matter of Lopez v New York State Off. of Children & Family Servs., 137 AD3d at 1143). "Judicial review of a determination that a report of maltreatment has been substantiated is limited to whether the determination is supported by substantial evidence in the record" (Matter of Lopez v New York State Off. of Children & Family Servs., 137 AD3d at 1143; see Matter of Iacono v New York State Cent. Register of N.Y. State Off. of Children & Family Servs., 126 AD3d 700 [2015]; Matter of Irving v Carrion, 120 AD3d 500 [2014]).

Here, the respondent's determination that a fair preponderance of the evidence established that the child's physical, mental, or emotional condition was in imminent danger of becoming impaired as a result of the petitioner's failure to exercise a minimum degree of care in providing proper guardianship by allowing him to be exposed to domestic violence, is supported by substantial evidence (see Matter of Irving v Carrion, 120 AD3d at 500-501; Matter of Martin MM. v New York State Off. of Children & Family Servs., 110 AD3d 1285, 1286 [2013]; see also 18 NYCRR 432.1 [b] [1] [ii]). Contrary to the petitioner's contention, the fact that the respondent's determination was based, in large part, on hearsay evidence, does not require a different conclusion. Hearsay is admissible in an administrative hearing and, in this case, was sufficiently relevant and probative to support the determination (see Matter of Saporito v Carrion, 66 AD3d 912, 912-913 [2009]; Matter of Bullock v State of N.Y. Dept. of Social Servs., 248 AD2d 380, 382 [1998]).

The petitioner's remaining contentions are without merit. Eng, P.J., Leventhal, Sgroi and Maltese, JJ., concur.