Matter of Peng v Poole (2021 NY Slip Op 01051)





Matter of Peng v Poole


2021 NY Slip Op 01051


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-03509
 (Index No. 53536/18)

[*1]In the Matter of Mexia Peng, petitioner,
v
Sheila J. Poole, etc., et al., respondents.


Steven H. Klein & Associates, P.C., Poughkeepsie, NY, for petitioner.
Letitia James, Attorney General, New York, NY (Steven C. Wu and David Lawrence III of counsel), for respondents Sheila J. Poole, New York State Office of Children and Family Services, and New York State Central Register.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services dated July 24, 2018, which, after a fair hearing pursuant to Social Services Law § 422(8), denied the petitioner's application to amend an indicated report maintained by the New York State Central Register of Child Abuse and Maltreatment.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner commenced this CPLR article 78 proceeding to review a determination of the New York State Office of Children and Family Services (hereinafter OCFS), which, after a fair hearing pursuant to Social Services Law § 422(8), denied her application to amend a report maintained by the New York State Central Register of Child Abuse and Maltreatment from "indicated" to "unfounded." The report was based on an incident in which the petitioner was alleged to have, as a form of punishment, hit the then five-year-old subject child in the face with a ruler, leaving a lasting mark on the child's face.
The petitioner made an application to OCFS to amend the report from "indicated" to "unfounded" or, in effect, alternatively, for a hearing. OCFS denied the petitioner's application to amend the report and referred the matter for a hearing. In a determination dated July 24, 2018, made after a fair hearing pursuant to Social Services Law § 422(8), OCFS denied the petitioner's application. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the denial of her application to amend the report. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
"At an administrative expungement hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established by a preponderance of the evidence" (Matter of Brown v Velez, 153 AD3d 517, 518). Judicial review of a determination that a report of child maltreatment has been substantiated is limited to whether the determination is supported by substantial evidence in the record (see Matter of Doe v New York State Off. of Children & Family Servs., 173 AD3d 1020, 1022; Matter of Brown v Velez, 153 AD3d at [*2]518). "Substantial evidence is 'less than a preponderance of the evidence' and 'demands only that a given inference is reasonable and plausible, not necessarily the most probable'" (Matter of Doe v New York State Off. of Children & Family Servs., 173 AD3d at 1022, quoting Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046). "'Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently'" (Matter of Doe v New York State Off. of Children & Family Servs., 173 AD3d at 1022, quoting Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046). Likewise, "'[i]t is the function of the administrative agency, not the reviewing court, to weigh the evidence [and] assess the credibility of the witnesses'" (Matter of Brown v Velez, 153 AD3d at 518, quoting Matter of Bullock v State of N.Y. Dept. of Social Servs., 248 AD2d 380, 382).
Here, the determination that a fair preponderance of the evidence established that the child's physical, mental, or emotional condition was impaired or in imminent danger of being impaired as a result of being struck near her right eye with a ruler is supported by substantial evidence in the record, which includes the hearing testimony of the petitioner and the agency case worker, as well as the documents and photographs admitted into evidence.
Further, contrary to the petitioner's contention, "the fact that the . . . determination was based, in large part, on hearsay evidence, does not require a different conclusion. Hearsay is admissible in an administrative hearing and, in this case, was sufficiently relevant and probative to support the determination" (Matter of Brown v Velez, 153 AD3d at 518).
The petitioner's remaining contentions are without merit.
DILLON, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court