Matter of Conklin v New York State Off. of Children & Family Servs. (2022 NY Slip Op 02263)

Matter of Conklin v New York State Off. of Children & Family Servs.

2022 NY Slip Op 02263

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.

2019-04706
 (Index No. 2033/18)

[*1]In the Matter of Adam Conklin, petitioner,
v
New York State Office of Children and Family Services, et al., respondents.

Law Office of Dennis R. Vetrano, Jr., LLC, Beacon, NY (Kristen D. Farris of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Blair J. Greenwald of counsel), for respondent New York State Office of Children and Family Services.
James Fedorchak, County Attorney, Poughkeepsie, NY (Michael Rusilas of counsel), for respondent Sabrina Jaar Marzouka, Commissioner, Dutchess County Department of Community and Family Services.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services dated May 14, 2018. The determination, after a fair hearing pursuant to Social Services Law § 422(8), denied the petitioner's application to amend and seal an indicated report maintained by the New York State Central Register of Child Abuse and Maltreatment.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In August 2015, the petitioner was the subject of a report made to the New York State Central Register of Child Abuse and Maltreatment, alleging, among other things, that he had left his child home alone in a crib for an undetermined amount of time. The respondent Dutchess County Department of Community and Family Services investigated the report and thereafter determined
that the report was indicated. In a determination dated May 14, 2018, made after a fair hearing pursuant to Social Services Law § 422(8), the respondent New York State Office of Children and Family Services denied the petitioner's application to amend and seal the indicated report. The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review that determination. By order dated April 26, 2019, the Supreme Court, Dutchess County, inter alia, transferred the proceeding to this Court pursuant to CPLR 7804(g).
"At an administrative expungement hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established by a preponderance of the evidence" (Matter of Brown v Velez, 153 AD3d 517, 518; see Social Services Law § 422[8][a][ii]). "Judicial review of a determination that a report of child maltreatment has been substantiated is limited to whether the determination is supported by substantial evidence in the record" (Matter of Peng v Poole, 191 AD3d 886, 887). "Substantial evidence is 'less than a preponderance of the evidence' and 'demands only that a given inference is reasonable and plausible, not necessarily the most probable'" (Matter of Doe v New York State Off. of Children & Family Servs., 173 AD3d 1020, 1022, quoting Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d [*2]1044, 1045-1046). "Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046), since "the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]" (Matter of Berenhaus v Ward, 70 NY2d 436, 444 [internal quotation marks omitted]).
Here, the determination that a fair preponderance of the evidence established that the child's physical, mental, or emotional condition was impaired or in imminent danger of being impaired as a result of being left unattended at home is supported by substantial evidence in the record, which includes the hearing testimony of an agency case supervisor and the petitioner, as well as the agency records admitted into evidence (see Matter of Stephen C. v Johnson, 39 AD3d 932, 932-933; cf. Matter of Anne FF. v New York State Off. of Children & Family Servs., 85 AD3d 1289, 1290-1291). Moreover, contrary to the petitioner's contention, "hearsay is admissible as competent evidence in an administrative proceeding, and if sufficiently relevant and probative may constitute substantial evidence even if contradicted by live testimony on credibility grounds" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046; see Matter of Gray v Adduci, 73 NY2d 741, 742; Matter of Peng v Poole, 191 AD3d at 887).
Substantial evidence also supported the determination that the petitioner's maltreatment of the child was relevant and reasonably related to childcare employment, the adoption of a child, or the provision of foster care (see Social Services Law § 422[8][c][ii]; Matter of Reed v Carrion, 84 AD3d 1094, 1095).
The petitioner's remaining contentions are without merit.
DUFFY, J.P., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court