Matter of Pescales v New York State Off. of Children & Family Servs. (2022 NY Slip Op 02546)

Matter of Pescales v New York State Off. of Children & Family Servs.

2022 NY Slip Op 02546

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2019-13600
 (Index No. 4301/19)

[*1]In the Matter of Sameh Pescales, petitioner,
v
New York State Office of Children and Family Services, respondent.

Leavitt Kerson & Sehati, Forest Hills, NY (Paul E. Kerson of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Steven C. Wu and David Lawrence III of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services dated March 19, 2019. The determination, after a fair hearing pursuant to Social Services Law § 422(8), denied the petitioner's application to amend and seal an indicated report maintained by the New York State Central Register of Child Abuse and Maltreatment.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In 2015, the petitioner was the subject of a report made to the New York State Central Register of Child Abuse and Maltreatment (hereinafter the State Central Register). The report was based on an incident in which the petitioner was alleged to have hit his wife in the presence of their three young children, following which his wife and their children moved into the home of the wife's parents. The New York City Administration for Children's Services investigated the report and thereafter determined that the report of maltreatment was "indicated."
The petitioner made an application to the New York State Office of Children and Family Services (hereinafter OCFS) to amend the indicated report of the State Central Register from "indicated" to "unfounded" and, in effect, to seal the report. In a determination dated March 19, 2019, made after a fair hearing pursuant to Social Services Law § 422(8), the OCFS denied the petitioner's application. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the determination. By order dated November 27, 2019, the Supreme Court, inter alia, transferred the proceeding to this Court pursuant to CPLR 7804(g).
When the subject of an indicated report requests an amendment of the report, Social Services Law § 422(8)(a)(ii) requires that the OCFS review the evidence and determine whether the report is supported by a fair preponderance of the evidence (see Matter of Doe v New York State Off. of Children & Family Servs., 173 AD3d 1020, 1021; Matter of Brown v Velez, 153 AD3d 517, 518; Matter of Irving v Carrion, 120 AD3d 500, 500-501).
It is a "fundamental tenet of CPLR article 78 review . . . that judicial review of administrative determinations is confined to the facts and record adduced before the agency" (Matter of Featherstone v Franco, 95 NY2d 550, 554 [internal quotation marks and alterations omitted]). "Judicial review of a determination that a report of child maltreatment has been substantiated is limited to whether the determination is supported by substantial evidence in the record. Substantial evidence is less than a preponderance of the evidence and demands only that a given inference is reasonable and plausible, not necessarily the most probable. Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (Matter of Peng v Poole, 191 AD3d 886, 887 [citations, internal quotation marks, and alterations omitted]).
Here, the determination that a fair preponderance of the evidence established that the acts which formed the basis of the indicated report against the petitioner occurred is supported by substantial evidence in the record, which includes the hearing testimony of the petitioner, the progress notes from the OCFS investigation, and the other documents admitted into evidence (see Matter of Brown v Velez, 153 AD3d at 518; Matter of Irving v Carrion, 120 AD3d at 500-501). Moreover, the dismissal of criminal charges against the petitioner did not have res judicata effect with respect to this administrative proceeding (see Matter of Nezaj v Brahimi, 88 AD3d 723, 724; Matter of Schneider v Arata, 81 AD3d 652, 653).
Accordingly, we confirm the OCFS's determination, deny the petition, and dismiss the proceeding on the merits.
IANNACCI, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court