Matter of Podell v New York State Cent. Register of Child Abuse & Maltreatment (2023 NY Slip Op 01897)

Matter of Podell v New York State Cent. Register of Child Abuse & Maltreatment

2023 NY Slip Op 01897

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2019-13856
 (Index No. 52994/19)

[*1]In the Matter of Kate Podell, petitioner, 
v
New York State Central Register of Child Abuse and Maltreatment, respondent.

Bergstein & Ullrich, LLP, New Paltz, NY (Stephen Bergstein of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Ester N. Murdukhayeva and David Lawrence III of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services dated April 16, 2019. The determination, after a fair hearing pursuant to Social Services Law § 422(8), denied the petitioner's application to amend and seal an indicated report maintained by the New York State Central Register of Child Abuse and Maltreatment.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was the subject of a report made to the New York State Central Register of Child Abuse and Maltreatment (hereinafter the State Central Register). The petitioner was accused of leaving a 22-month-old child alone, outside on a playground unsupervised while acting in her capacity as a day care worker at Community Family Development Day Care Center in Poughkeepsie. The Dutchess County Department of Community and Family Services investigated the report and thereafter determined that the report of maltreatment was "indicated."
The petitioner made an application to the New York State Office of Children and Family Services (hereinafter OCFS) to amend the indicated report of the State Central Register from "indicated" to "unfounded" and to seal the report. In a determination dated April 16, 2019, made after a fair hearing pursuant to Social Services Law § 422(8), OCFS denied the petitioner's application. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the determination. By order dated December 5, 2019, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
"At an administrative expungement hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established by a preponderance of the evidence" (Matter of Brown v Velez, 153 AD3d 517, 518). Judicial review of a determination that a report of child maltreatment has been substantiated is limited to whether the determination is supported by substantial evidence in the record (see Matter of Doe v New York State Off. of Children & Family Servs., 173 AD3d 1020, 1022; Matter of Brown v Velez, 153 AD3d at 518). "Substantial evidence is 'less than a preponderance of the evidence' and 'demands only that a given inference is reasonable and plausible, not necessarily the most probable'" (Matter of Doe v [*2]New York State Off. of Children & Family Servs., 173 AD3d at 1022, quoting Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046). "'Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently'" (Matter of Doe v New York State Off. of Children & Family Servs., 173 AD3d at 1022, quoting Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046). Likewise, "'[i]t is the function of the administrative agency, not the reviewing court, to weigh the evidence [and] assess the credibility of the witnesses'" (Matter of Brown v Velez, 153 AD3d at 518, quoting Matter of Bullock v State of N.Y. Dept. of Social Servs., 248 AD2d 380, 382).
Here, the determination that a fair preponderance of the evidence established that the child's physical, mental, or emotional condition was impaired or in imminent danger of being impaired as result of being left alone, outside on a playground unsupervised and that the petitioner was one of the individuals responsible for the child at the time of the incident is supported by substantial evidence in the record (see Matter of Conklin v New York State Off. of Children & Family Servs., 204 AD3d 668, 669; cf. Matter of Anne FF. v New York State Off. of Children & Family Servs., 85 AD3d 1289, 1290-1291). Further, contrary to the petitioner's contention, "the fact that the . . . determination was based, in large part, on hearsay evidence, does not require a different conclusion. Hearsay is admissible in an administrative hearing and, in this case, was sufficiently relevant and probative to support the determination" (Matter of Brown v Velez, 153 AD3d at 518).
The petitioner's remaining contention is without merit.
BRATHWAITE NELSON, J.P., RIVERA, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court