Matter of Robles v New York State Off. of Children & Family Servs. (2023 NY Slip Op 05140)

Matter of Robles v New York State Off. of Children & Family Servs.

2023 NY Slip Op 05140

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2020-06624
 (Index No. 5859/18)

[*1]In the Matter of Jose Robles, petitioner,
v New York State Office of Children and Family Services, et al., respondents.

McGuire Condon Mangan, P.C., Huntington, NY (Brittany C. Mangan of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Judith N. Vale and David Lawrence III of counsel), for respondents New York State Office of Children and Family Services, Sheila J. Poole, and New York State Central Register of Child Abuse and Maltreatment.
Dennis Brown, Acting County Attorney, Central Islip, NY (Steven B. Nacht of counsel), for respondent Suffolk County Department of Social Services.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services dated July 10, 2018. The determination, after a fair hearing pursuant to Social Services Law § 422(8), denied the petitioner's application to amend an indicated report maintained by the New York State Central Register of Child Abuse and Maltreatment.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs to the respondents appearing separately and filing separate briefs.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the denial, after a fair hearing, by the New York New York State Office of Children and Family Services (hereinafter OCFS) of his application to amend an indicated report maintained by the New York State Central Register of Child Abuse and Maltreatment regarding the petitioner's maltreatment of his two children. The report was based on an incident in which the petitioner was alleged to have taken his children to a religious ritual at which they were blindfolded and cut with a ritual blade. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
"Social Services Law § 422(8)(a)(ii) provides that when the subject of an indicated report petitions for an amendment of the report, OCFS must review the evidence and determine whether the report is supported by a fair preponderance of the evidence" (Matter of Doe v New York State Off. of Children & Family Servs., 173 AD3d 1020, 1021; see Matter of Nichols v New York State Cent. Register of Child Abuse & Maltreatment, 137 AD3d 790, 791). "Judicial review of a determination that a report of child maltreatment has been substantiated is limited to whether the [*2]determination is supported by substantial evidence in the record" (Matter of Peng v Poole, 191 AD3d 886, 887; see Matter of Doe v New York State Off. of Children & Family Servs., 173 AD3d at 1021). "Substantial evidence is less than a preponderance of the evidence and demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Peng v Poole, 191 AD3d at 887 [internal quotation marks omitted]; see Matter of Marine Holdings, LLC v New York City Commn. on Human Rights, 31 NY3d 1045, 1047). "Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (Matter of Peng v Poole, 191 AD3d at 887 [internal quotation marks omitted]; see Matter of Phelps v State of N.Y.-Unified Ct. Sys., 208 AD3d 880, 881). "It is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses" (Matter of Phelps v State of N.Y.-Unified Ct. Sys., 208 AD3d at 881 [internal quotation marks omitted]; see Matter of Peng v Poole, 191 AD3d at 887).
Here, the determination of OCFS that a fair preponderance of the evidence established that the children's physical, mental, or emotional condition was impaired or in imminent danger of being impaired as a result of the religious ritual is supported by substantial evidence in the record, which included the hearing testimony of the petitioner and the agency case worker, as well as the documents and photographs admitted into evidence (see Matter of Irving v Carrion, 120 AD3d 500; Matter of Archer v Carrion, 117 AD3d 733, 734).
"[U]pon any finding, after a hearing, that there is credible evidence to support the indicated report . . . that the petitioner committed the maltreatment that was alleged, a determination must be made as to whether the acts that formed the basis of the indicated report are currently relevant and reasonably related to employment as a childcare provider" (Matter of Doe v New York State Off. of Children & Family Servs., 173 AD3d at 1021 [internal quotation marks omitted]; see Matter of Lauren v New York State Off. of Children & Family Servs., 147 AD3d 1322). Judicial review of a determination that the alleged acts of maltreatment are relevant and reasonably related to employment as a childcare provider "is limited to whether the determination is supported by substantial evidence" (Matter of Doe v New York State Off. of Children & Family Servs., 173 AD3d at 1022).
Contrary to the petitioner's contention, there is substantial evidence in the record that the acts which formed the basis of the indicated report against the petitioner are relevant and reasonably related to his employment as a childcare provider (see Social Services Law §§ 422[8][a][iv]; 424-a[1][e][iv]; Matter of Doe v New York State Off. of Children & Family Servs., 173 AD3d at 1021; Matter of Lauren v New York State Off. of Children & Family Servs., 147 AD3d at 1322).
The petitioner's remaining contentions are without merit.
DUFFY, J.P., MILLER, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court