Matter of Brown v New York State Off. of Children & Family Servs. (2025 NY Slip Op 02584)

Matter of Brown v New York State Off. of Children & Family Servs.

2025 NY Slip Op 02584

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2022-01148 DECISION, ORDER & JUDGMENT
 (Index No. 708789/21)

[*1]In the Matter of Gloria Brown, et al., appellants,
v
New York State Office of Children and Family Services, respondent.

Steven Gildin, P.C., Garden City, NY (Joseph H. Rotkowitz of counsel), for appellants.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Sarah Coco of counsel), for respondent.

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services dated December 28, 2020. The determination, after a fair hearing pursuant to Social Services Law § 422(8), denied the petitioners' application to amend and seal an indicated report maintained by the New York State Central Register of Child Abuse and Maltreatment, which proceeding was transferred to this Court by order of the Supreme Court, Queens County (Pam Jackman Brown, J.), dated January 24, 2022, and appeal by the petitioners from the same order.
ORDERED that the appeal is dismissed (see CPLR 5701[b]; 7804[g]); and it is further,
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The petitioners were the subject of a report made to the New York State Central Register of Child Abuse and Maltreatment (hereinafter the State Central Register). The petitioner Kwame Brown (hereinafter Kwame) was accused of hitting the three subject children and the petitioner Gloria Brown (hereinafter Gloria) was accused of being aware of the fact that Kwame was using physical punishment on the children and failing to protect them. The Administration for Children's Services investigated the report and thereafter determined that the report of maltreatment was "indicated."
The petitioners made an application to the New York State Office of Children and Family Services (hereinafter OCFS) to amend the indicated report maintained by the State Central Register from "indicated" to "unfounded" and to seal the report. In a determination dated December 28, 2020, made after a fair hearing pursuant to Social Services Law § 422(8), OCFS denied the petitioners' application. The petitioners then commenced this proceeding pursuant to CPLR article [*2]78 to review the determination. By order dated January 24, 2022, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g) for determination.
"At an administrative expungement hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established by a preponderance of the evidence" (Matter of Brown v Velez, 153 AD3d 517, 518). Judicial review of a determination that a report of child maltreatment has been substantiated is limited to whether the determination is supported by substantial evidence in the record (see Matter of Doe v New York State Off. of Children & Family Servs., 173 AD3d 1020, 1022; Matter of Brown v Velez, 153 AD3d at 518). "Substantial evidence is 'less than a preponderance of the evidence' and 'demands only that a given inference is reasonable and plausible, not necessarily the most probable'" (Matter of Doe v New York State Off. of Children & Family Servs., 173 AD3d at 1022, quoting Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046). "'Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently'" (id., quoting Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046). Likewise, "'[i]t is the function of the administrative agency, not the reviewing court, to weigh the evidence [and] assess the credibility of the witnesses'" (Matter of Brown v Velez, 153 AD3d at 518, quoting Matter of Bullock v State of N.Y. Dept. of Social Servs., 248 AD2d 380, 382).
Here, the determination that a fair preponderance of the evidence established that the children's physical, mental, or emotional condition was impaired or in imminent danger of being impaired as result of being hit by Kwame and as a result of Gloria being aware of the situation and failing to protect the children and also failing to take responsibility for the deplorable condition of the children's bedroom is supported by substantial evidence in the record (see Matter of Podell v New York State Cent. Register of Child Abuse & Maltreatment, 215 AD3d 751; Matter of Conklin v New York State Off. of Children & Family Servs., 204 AD3d 668, 669). Contrary to the petitioners' contention, foster parents are prohibited from using corporal punishment (see 18 NYCRR 441.9[c]). Further, "the fact that the . . . determination was based, in large part, on hearsay evidence, does not require a different conclusion. Hearsay is admissible in an administrative hearing and, in this case, was sufficiently relevant and probative to support the determination" (Matter of Brown v Velez, 153 AD3d at 518; see Matter of Podell v New York State Cent. Register of Child Abuse & Maltreatment, 215 AD3d 751).
Substantial evidence also supported the determination that the maltreatment of the children was relevant and reasonably related to childcare employment (see Social Services Law § 422[8][c][ii]; Matter of Ciccarelli v New York State Off. of Children & Family Servs., 227 AD3d 1066, 1068; Matter of Conklin v New York State Off. of Children & Family Servs., 204 AD3d at 670).
CONNOLLY, J.P., CHRISTOPHER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court