Matter of Mintz v Townes (2025 NY Slip Op 04481)

Matter of Mintz v Townes

2025 NY Slip Op 04481

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
PHILLIP HOM, JJ.

2022-09712
 (Index No. 61508/22)

[*1]In the Matter of Joseph Mintz, et al., petitioners,
v
Leonard G. Townes, etc., et al., respondents.

Phyllis Mintz, New York, NY, for petitioners.
Letitia James, Attorney General, New York, NY (Matthew W. Grieco and Blair J. Greenwald of counsel), for respondent Sheila G. Poole.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services dated March 11, 2022. The determination, after a fair hearing pursuant to Social Services Law § 422(8), denied the petitioners' application to amend and seal an indicated report maintained by the New York State Central Register of Child Abuse and Maltreatment.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioners commenced this proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services (hereinafter OCFS), which, after a fair hearing pursuant to Social Services Law § 422(8), denied their application to amend a report maintained by the New York State Central Register of Child Abuse and Maltreatment from "indicated" to "unfounded" and to seal the report. By order dated October 20, 2022, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g) since the petitioners raised the question of whether the determination made after the fair hearing was supported by substantial evidence.
"Social Services Law § 422(8)(a)(ii) provides that when the subject of an indicated report petitions for an amendment of the report, OCFS must review the evidence and determine whether the report is supported by a fair preponderance of the evidence" (Matter of Ciccarelli v New York State Off. of Children & Family Servs., 227 AD3d 1066, 1067 [internal quotation marks omitted]). "Judicial review of a determination that a report of child maltreatment has been substantiated is limited to whether the determination is supported by substantial evidence in the record" (Matter of Peng v Poole, 191 AD3d 886, 887; see Matter of Doe v New York State Off. of Children & Family Servs., 173 AD3d 1020, 1022). Substantial evidence is "less than a preponderance of the evidence and demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046 [citations and internal quotation marks omitted]). "Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (id. at 1046). "Likewise, it is the function of the administrative [*2]agency, not the reviewing court, to weigh the evidence and assess the credibility of the witnesses" (Matter of Podell v New York State Cent. Register of Child Abuse & Maltreatment, 215 AD3d 751, 752-753 [alterations and internal quotation marks omitted]).
Here, the determination that a fair preponderance of the evidence established that the subject child's physical, mental, or emotional condition was impaired or in imminent danger of being impaired as a result of being left unattended at home is supported by substantial evidence in the record, which includes the hearing testimony of an agency caseworker and the petitioners, as well as the agency records admitted into evidence (see Matter of Conklin v New York State Off. of Children & Family Servs., 204 AD3d 668, 669).
The petitioners' remaining contentions are either improperly raised for the first time in their reply brief or without merit.
GENOVESI, J.P., BRATHWAITE NELSON, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court